## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

JASON PARKINSON, an individual,  )
                                  )
           Plaintiff,  )
                                  )
          v.  )    CASE NO. 4:18-cv-00277-JED-JFJ
                                  )
BOSTON SCIENTIFIC CORPORATION, a  )
Delaware corporation,  )
                                  )
          Defendant.  )
                                  )

## DEFENDANT'S ANSWER

Defendant Boston Scientific Corporation ("Boston Scientific") Answers Plaintiff Jason Parkinson's ("Plaintiff") Complaint, stating as follows: Except as expressly admitted or qualified hereafter, Boston Scientific denies each and every allegation in the Complaint.

## PARTIES

1.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies those allegations.

2.     With respect to the allegations contained in Paragraph 2, Boston Scientific admits that it is a corporation organized and existing under the laws of Delaware; states that its principal place of business is in Marlborough, Massachusetts; and states that it conducts business in all 50 states, including in Oklahoma.

## JURISDICTION AND VENUE

3.     Boston Scientific denies the allegations in Paragraph 3.

## FACTUAL ALLEGATIONS

4.      Boston Scientific admits the allegations in Paragraph 4.

5.      Boston Scientific admits the allegations in Paragraph 5.

6.      With respect to the allegations in Paragraph 6, Boston Scientific admits only that the Complaint purports to quote from the cited Agreement.  Boston Scientific states that the Agreement speaks for itself and is the best evidence of its contents. Boston Scientific denies any remaining allegations in Paragraph 6.

7.      With respect to the Allegations in Paragraph 7, Boston Scientific admits only that the Complaint purports to quote from the cited Agreement.  Boston Scientific states that the Agreement speaks for itself and is the best evidence of its contents. Boston Scientific denies any remaining allegations in Paragraph 7.

8.      With respect to the Allegations in Paragraph 8, Boston Scientific admits only that the Complaint purports to quote from the cited Agreement.  Boston Scientific states that the Agreement speaks for itself and is the best evidence of its contents. Boston Scientific denies any remaining allegations in Paragraph 8.

9.      With respect to the Allegations in Paragraph 9, Boston Scientific admits only that the Complaint purports to quote from the cited Agreement.  Boston Scientific states that the Agreement speaks for itself and is the best evidence of its contents. Boston Scientific denies any remaining allegations in Paragraph 9.

10.     With respect to the Allegations in Paragraph 10, Boston Scientific admits only that the Complaint purports to quote from the cited Agreement.  Boston Scientific states that the Agreement speaks for itself and is the best evidence of its contents. Boston Scientific denies any remaining allegations in Paragraph 10.

11.     With respect to the Allegations in Paragraph 11, Boston Scientific admits only that the Complaint purports to quote from the cited Agreement.  Boston Scientific states that the Agreement speaks for itself and is the best evidence of its contents. Boston Scientific denies any remaining allegations in Paragraph 11.

12.     Boston Scientific admits the allegations in Paragraph 12.

13.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore denies those allegations.

14.     With respect to the allegations in Paragraph 14, Boston Scientific admits only that during Plaintiff's employment with Boston Scientific, he was employed as a Clinical Specialist and as a Territory Manager in Boston Scientific's Neuromodulation division, and that Plaintiff performed the duties consistent with that position.  Boston Scientific denies any further allegations in Paragraph 14.

15.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies those allegations.

16.     With respect to the allegations in Paragraph 16, Boston Scientific admits that Nevro Corporation is a competitor with portions of Boston Scientific's business.  The remainder of paragraph 16 contains conclusory statements of law to which no response is required.  To the extent that a response may be required to such allegations, Boston Scientific denies them. Boston Scientific denies any remaining allegations in Paragraph 16.

17.     With respect to the allegations in Paragraph 17, Boston Scientific states that the cited Agreement speaks for itself and is the best evidence of its contents.  The allegations

in paragraph 17 consist of conclusory statements of law to which no response is required.  To the extent a response may be required to such allegations, Boston Scientific denies them.

18.     Boston Scientific denies the allegations in Paragraph 18.

19.     With respect to the allegations in Paragraph 19, Boston Scientific states that the cited Agreement speaks for itself and is the best evidence of its contents.  The allegations in paragraph 19 consist of conclusory statements of law to which no response is required.  To the extent a response may be required to such allegations, Boston Scientific denies them.

20.     Boston Scientific denies the allegations in Paragraph 20.

21.     With respect to the allegations in Paragraph 21, Boston Scientific states that the cited Agreement speaks for itself and is the best evidence of its contents.  The allegations in paragraph 21 consist of conclusory statements of law to which no response is required.  To the extent a response may be required to such allegations, Boston Scientific denies them.

22.     Boston Scientific denies the allegations in Paragraph 22.

23.     The allegations in paragraph 23 consist of conclusory statements of law to which no response is required.  To the extent a response may be required to such allegations, Boston Scientific denies them.

24.     With respect to the allegations in Paragraph 24, Boston Scientific states that the cited Agreement speaks for itself and is the best evidence of its contents.  The allegations in paragraph 24 consist of conclusory statements of law to which no response is required.  To the extent a response may be required to such allegations, Boston Scientific denies them.

25.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies those allegations.

26.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore denies those allegations.

27.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore denies those allegations.

28.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore denies those allegations.

29.     Boston Scientific is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore denies those allegations.

30.     Boston Scientific denies the allegations in Paragraph 30.

31.     Boston Scientific denies the allegations in Paragraph 31.

32.     No response is required to Paragraph 32.  To the extent that Paragraph 32 contains any allegations that do require a response, Boston Scientific denies the allegations.

33.     Boston Scientific denies the allegations in Paragraph 33.

34.     Boston Scientific denies the allegations in Paragraph 34.

35.     Boston Scientific denies the allegations in Paragraph 35.

36.     No response is required to Paragraph 36, which merely states that Plaintiff seeks a certain declaration. To the extent a further response may be deemed to be required, Boston Scientific denies any allegations in Paragraph 36.

37.     No response is required to Paragraph 37, which merely states that Plaintiff seeks a certain declaration. To the extent a further response may be deemed to be required, Boston Scientific denies any allegations in Paragraph 37.

38.     Boston Scientific responds that Paragraph 38 states legal conclusions to which no response is required. To the extent a further response may be deemed to be required, Boston Scientific denies the same.

Boston Scientific denies that Plaintiff is entitled to any relief sought in his "PRAYER FOR RELIEF."

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.     Plaintiff's First Count fails to state a claim for which relief can be granted because it is, as a matter of law, based on an incorrect reading of Okla. Stat. tit. 15, §§ 217, 219, and 219A, of Okla. Stat. tit. 12, § 1651, of the public policy of the State of Oklahoma, of binding precedent regarding choice of law in Oklahoma, and of binding precedent regarding the interpretation and enforcement of forum and venue selection clauses in Oklahoma and in the Tenth Circuit. Plaintiff's First Count also fails to state a claim for which relief can be granted because the law of Massachusetts governs the Agreement and the Agreement is valid under Massachusetts law.

## SECOND AFFIRMATIVE DEFENSE

### (Improper Venue)

2.      Plaintiff's First Count fails because venue is improper. The parties agreed to a valid and enforceable forum and venue selection clause that requires this action to take place in the state or federal courts of Massachusetts.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

3.      Plaintiff's First Count fails because he lacks standing.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Meet Obligations of the Contract)

4.      Plaintiff failed to meet material obligations of the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Plaintiff's claim is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Right)

6.      Boston Scientific reserves the right, upon completion of its discovery, to enter such additional defenses as may be appropriate.

WHEREFORE, Boston Scientific prays that:

A.      The Court deny all relief sought by Plaintiff and dismiss all claims in the Complaint with prejudice and on the merits;

B.      The Court award Boston Scientific its costs and disbursements in this action; and

C.    The Court award such relief as is just and appropriate.

Respectfully submitted,

*/s/ Justin P. Grose*
Justin P. Grose, OBA #31073
OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
The Heritage Building
621 N. Robinson Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 546-3758
Facsimile: (405) 546-3775
justin.grose@ogletree.com

-- and --

Martin S. Chester (*pro hac vice* forthcoming)
Kate E. Middleton (*pro hac vice* forthcoming)
David C. Archer (*pro hac vice* forthcoming)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 766-7000
(612) 766-1600 (Fax)
Martin.Chester@FaegreBD.com
Kate.Middleton@FaegreBD.com
David.Archer@FaegreBD.com

*Attorneys for Defendant Boston Scientific*
*Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of June, 2018 I electronically filed the foregoing

**DEFENDANT'S ANSWER** with the Clerk of the Court using the CM/ECF system and e-

served same to the following:

> David R. Cordell
> Nancy E. Vaughn
> CONNER & WINTERS, LLP
> 4000 One Williams Center
> Tulsa, OK 74172-0148
> dcordell@cwlaw.com
> nvaughn@cwlaw.com
> *Counsel for Plaintiff*

*/s/ Justin P. Grose*
Justin P. Grose

34328917.1